

# IN THE
# TENTH COURT OF APPEALS

No. 10-11-00389-CV

**CARL HODGES,**

**Appellant**

 **v.**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

**Appellee**

**From the County Court at Law
Ellis County, Texas
Trial Court No. 11-C-3450**

## MEMORANDUM OPINION

Appellee, Federal National Mortgage Association, has notified this Court that appellant, Carl Hodges, has filed a bankruptcy petition in the Northern District of Texas, Dallas Division, on April 26, 2012.[1] *See* TEX. R. APP. P. 8.1. Further action in this appeal has been automatically stayed.[2] *See* 11 U.S.C. § 362.

---

[1] We note that, on May 1, 2012, this Court issued a letter order denying appellant's "Emergency Motion to Dissolve Writ," which he filed on April 24, 2012. Nowhere in his "Emergency Motion to Dissolve Writ" or his pro se docketing statement did appellant inform this Court of the possibility of bankruptcy. This Court first received notice of appellant's April 26, 2012 bankruptcy petition on May 2,

For administrative purposes, this appeal is suspended and will be treated as closed unless reinstated on a proper motion. TEX. R. APP. P. 8.2. It may be reinstated on motion of any party showing that the stay has been lifted or modified and specifying what action, if any, is required from this Court upon reinstatement of the appeal. TEX. R. APP. P. 8.3.

The reporting requirement of Local Rule 17 is suspended. 10TH TEX. APP. (WACO) LOC. R. 17.

The Clerk of this Court is directed to transmit a copy of this opinion to the attorneys of record, the trial court judge, and the trial court clerk.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal suspended
Opinion delivered and filed May 16, 2012
[CV06]

---

2012 by way of appellee. Because appellant filed his bankruptcy petition on April 26, 2012, we note that our May 1, 2012 letter order is subject to the automatic stay. *See* 11 U.S.C. § 362.

[2] In addition, we recognize that appellee filed a motion for extension of time to file its appellee's brief on the same day as its notice of appellant's bankruptcy. Once again, because appellant filed his bankruptcy petition on April 26, 2012, we note that appellee's motion for extension is subject to the automatic stay. *See id.*